MAY TERM,                    MENSE v. OSBERN.
1839.

Mense v. Osbern.

1. Under the act of February 6th, 1837, relating to attachments, it is error in the circuit court to dissolve an attachment on motion of the plaintiff, and against the consent of the defendant. after plea in the nature of a plea in abatement filed, and proceed to try the cause on the plea in bar.

2. The act permitting defendant to file a plea in nature of a plea in abatement, seems intended to provide a remedy for defendant in case plaintiff should rashly make an affidavit unfounded in fact, and this provision of the act would be almost useless, if the plaintiff were allowed to defeat the defendant by dissolving the attachment after issue joined on the truth of the plaintiff's affidavit.

3. Suit brought on a bill of exchange, drawn by defendant on one W. in favor of plaintiff. The bill was accepted by W. but not paid when due. Defendant, afterwards, promised to pay plaintiff the amount of the bill when he could collect the money, and stated that he expected to collect the money from W. and others in three months. The circuit court instructed the jury, that the promise of defendant to pay, was absolute in effect. Held, that as no evidence was given to show that notice had not been given to defendant of the non-payment by W. and that as from the promise of defendant to pay, the presumption might fairly be raised that he had received notice thereof, the circuit court did not err in giving the instruction.

ERROR to the circuit court of Franklin county.

*Frissell,* counsel for plaintiff in error:

The plaintiff in error will rely upon the following points and authorities:

1. That the plaintiff below should have been compelled to go to trial on the issue joined upon the truth of the affidavit on which the attachment issued, or the suit should have been dismissed, none of the garnishees having answered, and having property of Mense's in their hands—Acts of 1836–7, p. 9, sec. 5; Stat. of Mo. p. 79, sec. 22.

2. That the statement of the record, that "it appearing to the court that the garnishees had nothing in their hands," should be rejected: 1. Because the record itself contradicts the statement. 2. Because the court could not judicially know that to be the fact without the answers of all the garnishees, the law requiring the garnishees to answer in writing at the return term—Stat. of Mo. p. 79, sec. 22.

3. Unless the drawer of a bill of exchange have notice of the non-payment of the bill at maturity by the next post, or in some short but reasonable time, the drawer is not liable to pay the bill, he having funds in the hands of the acceptor.

4. If the drawer chose to render himself liable to pay the debt by a subsequent promise, he has a right to at-

tach such conditions of time, place, and manner of payment as he sees fit, and the payee cannot recover, unless he shows that the conditions prescribed by the drawer, upon his promise to pay, have been complied with—Chitty on Bills, 303 to 310, note on p. 305; Chalfield v. Paxton, 308, note; Goodall v. Dolby; Bush v. Bernard, 8 John. 407; Scouton v. Esland, 7 John. 36.

5. That the declaration is bad in not setting out the conditions prescribed by the drawer upon his promise to pay, or that the event had happened by which the liability of the drawer had become complete—Wait v. Morris, 6 Wen. 394, a note of which case is found in 7 John. Rep. 36; 7 East, 231, Lundie v. Robinson.

*Cole,* counsel for defendant in error:

1. The judgment of the circuit court is correct in principle, if the bill of exchange be considered the foundation of the action—2 Phil. Ev. 33; 2 Stark. Ev. 254; Pratte v. Honey, 1 Mo. Rep. 35; Mo. Laws, p. 97, sec. 1.

2. The judgment is right, if the plaintiff be compelled to resort to the original consideration—2 Stark. Ev. 302; 2 Phil. Ev. 39, 16, 38; 2 Stark. Ev. 272, 16, 306; 6 T. R. 52; 7 T. R. 64.

3. The circuit court committed no error in dissolving the attachment upon the motion of the plaintiff—Mo. Laws, 76, sec. 3; act of Feb. 6, 1837, pamphlet, p. 8; Bellissime v. McCoy, 1 Mo. Rep. 318, 16, 657; 3 Mo. Rep. 410.

4. The judgment against the garnishee may be irregular, but it is not before the court; it is disconnected with, and independent of, the judgment of Osbern against Mense.

5. The want of a simileter to the plea of non-assumpsit, is not error; it is cured by the verdict—Mo. Laws, p. 469, sec. 7, 8; 1 Chitty's Plead. 571; and may be supplied by the supreme court—Mo. Laws, 469, sec. 8.

TOMPKINS, Judge, delivered the opinion of the court.

Osbern sued Mense in the circuit court, where he had a judgment; and Mense brings the cause by writ of error into this court, to reverse that judgment. Osbern filed an affidavit and obtained an attachment against the goods, &c. of Mense.

Mense filed a plea in the nature of a plea in abatement putting in issue the truth of the affidavit upon which the attachment was sued out. The circuit court, on motion

35

MAY TERM,
1839.

Mentz v. Osbern.

Under the act of February 6, 1837, relating to attachments, it is error in the circuit court to dissolve an attachment on motion of the plaintiff, and against the consent of the defendant, after plea in the nature of a plea in abatement filed, and proceed to try the cause on the plea in bar.

The act permitting defendant to file a plea in nature of a plea in abatement, seems intended to provide a remedy for defendant in case plaintiff should rashly make an affidavit unfounded in fact, and this provision of the act would be almost useless, if the plaintiff were allowed to defeat the defendant by dissolving the attachment after issue joined on the truth of plaintiff's affidavit.

of the plaintiff, dissolved the attachment and discharged some persons who had been summoned as garnishees. The defendant excepted to the opinion of the court dissolving the attachment. The court then proceeded to try the cause on the plea of non-assumpsit, which had been filed by the defendant, and, as above mentioned, gave the plaintiff, Osbern, a judgment. The act of the 6th February, 1837, supplementary to an act entitled "An act to provide for the collection of debts by attachment," (page 9,) gives to the defendant the right to put in issue the truth of the affidavit, upon which the attachment was sued out, and provides that if the issue of fact be found for the plaintiff, the cause shall then proceed as in other cases of attachment; but if the said issue be found for the defendant, the suit shall be dismissed at the cost of the plaintiff, and the said plaintiff shall be liable upon his bond, as in other cases by this act.

When the legislature gave this extraordinary remedy by attachment to creditors, it seems they intended to provide a remedy for the defendant in case the plaintiff should rashly make an affidavit unfounded in fact. This provision in favor of the defendant would have been almost useless if the plaintiff is to be allowed to defeat him by dissolving the attachment after the defendant has put in issue the truth of the affidavit. It is not enough that plaintiff lets loose the property of the defendant by dissolving the attachment, when he finds the defendant is about to procure it to be dissolved. The statute declares that his suit shall be dismissed at his cost; but the circuit court, by its dissolution of the attachment, and thereby depriving the defendant of the opportunity of proving the falsehood of the affidavit, fixes the costs of the suit on the defendant, and the plaintiff recovers his money as soon as an honest and fair plaintiff would have done who proceeded to collect his debt without the aid of the oppressive writ of attachment. Such, evidently, was not the intention of the legislature. It meant to punish him by the infliction of the payment of costs, and by delaying him in collecting his debt for attempting to use this extraordinary remedy by attachment when there was no occasion for it.

This suit was brought on a bill of exchange, drawn by the defendant, Mense, on one Walker, in favor of the plaintiff below. Walker accepted the bill, but failed to pay when it became due. Mense, the plaintiff in error, promised to pay when he could collect the money, and stated that he expected to be able to collect the money

from Walker and others in three months. On the part of the plaintiff in error, it is contended that he, having received no notice of the non-payment by Walker, and therefore not being liable to pay, his promise to pay on conditions must be considered binding only when he should have collected the money; but the circuit court instructed the jury that the promise to pay was absolute in effect. No evidence was given to show that notice had not been given to Mense of the non-payment by the drawee; and from his promise to pay, the presumption might fairly arise that he had received notice there of. (See Chitty on Bills, p. 316, and cases there cited.) In the instructions given on this head by the circuit court, I see no error; but because, on the motion of the plaintiff the attachment was dissolved, and the defendant below, plaintiff here, was deprived of an opportunity of trying the issue made on the truth of the affidavit of the defendant in error, and thereby lost all the advantage which he might have derived from a verdict in his favor, this judgment ought, in my opinion, to be reversed, and such also being the opinion of Judge Napton, it is reversed, and this cause is remanded to the circuit court, and that court will proceed in the cause in conformity to this opinion.

*MAY TERM, 1839.*

*Mense v. Osbern.*

Suit brought on a bill of exchange, drawn by defendant on one W. in favor of plaintiff. The bill was accepted by W. but not paid when due. Defendant, afterwards, promised to pay plaintiff the amount of the bill when he could collect the money, and stated that he expected to collect the money from W. and others in three months. The circuit court instructed the jury, that the promise of defendant to pay was absolute in effect. Held, that as no evidence was given to show that notice had not been given to defendant of the non-payment by W. and that as from the promise of defendant to pay, the presumption might fairly be raised that he had received notice thereof, the circuit court did not err in giving the instruction.