Carr v. Coopwood.

ALLEN CARR *vs.* GEORGE W. COOPWOOD.

There must be a final judgment in the court below, from which a writ of error could be prosecuted.

After issue joined between the parties, the court could make no order quashing the attachment which could in any manner interfere with the issue.

A trial must be had upon the issue made in the pleadings, before a writ of error can be taken.

In error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

The opinion of the court contains the facts of the case.

*Lindsey & Copp*, for plaintiff in error.

*Coopwood & Dowd*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

The plaintiff sued out a distress for rent before it was due; the attachment was levied, and the defendant executed bond

Carr *v.* Coopwood.

and security, conditioned to pay the rent when it should become due.

The plaintiff filed his declaration in the circuit court of Monroe county, on the promissory note executed for the amount of rent claimed. To this declaration the defendant appeared, and filed the pleas of non assumpsit and payment. After this the defendant made a motion to quash the attachment, which was sustained by the court. The plaintiff also made a motion for judgment on the replevin bond executed by the defendant, which the court refused to render.

From this statement, it appears that there has been no final judgment in the court below, from which a writ of error could be prosecuted. After declaration filed, and pleas in bar thereto by the defendant, the court could make no order quashing the attachment, which, could in any manner interfere with the issues made by the pleadings of the parties. The plaintiff was in court by virtue of his declaration, and the defendant by virtue of his pleas. The object of the attachment before the rent was due, was to require the tenant to give the security required by the statute. After such security was given, the attachment had performed its office, and constituted no part of the controversy after declaration filed and issue taken thereon. The trial must be had upon the issues made by the pleadings; these issues are still depending in the court below.

We will remark, however, that we find no sufficient ground for quashing the attachment. This point however, under the present attitude of the case, cannot be adjudicated by this court.

We will also remark, that there appears to be no authority in the statute for the court to render a judgment by motion upon the replevin bond in this case. We regard the bond only as a cumulative security to the landlord, upon which he can prosecute his action at law.

The writ of error dismissed, because it is not based upon a final judgment. Plaintiff will pay costs.