## BISHOP BROTHERS v. J. M. FENNERTY.

1. ATTACHMENT — MOTION TO QUASH WAIVED BY PLEA TO THE ACTION. — It is error to entertain a motion to quash an attachment after a plea to the merits. The latter is a waiver of the former.

2. SAME — DISJUNCTIVE STATEMENT OF CAUSES. — It is erroneous to state several causes for attachment in the affidavit disjunctively, but such a defect is amendable.

ERROR to the circuit court of Warren county.  BROWN, J.

*T. A. Marshall,* for plaintiff in error.

*Buck & Clark,* for defendant in error.

1st. The remedy by attachment is a special and extraordinary proceeding, in which all the provisions of the statute must be observed.  Rankin v. Dulaney, 43 Miss. 197 ; Smith v. Grisson, 26 ib. 143 ; Ford v. Hurd, 4 Smedes & Marsh. 683.  2d. An affidavit alleging one or the other of two or more distinct grounds would be bad, because of the impossibility of determining which is relied on to sustain the attachment.  Drake on Attach., § 101.  Examined by this rule, it will be found that the cases of Bosbyshell v. Emanuel, 12 Smedes & Marsh. 63, and Commercial Bank of Manchester v. Ulman, 10 ib. 411, cited against the motion in the court below, do not apply.  Drake on Attach., § 102, where these cases are referred to and construed.

SIMRALL, J. :

The question made by the assignment of errors is, was the judgment of the circuit court, quashing the attachment, right on the state of the record ?  The causes set out in the motion to quash are, that the affidavit does not appear to have been made by the creditor, his agent or attorney ; that the several causes are stated in the disjunctive, so that they cannot be traversed by plea in abatement.

The attachment was returnable to the June term, 1868, of the circuit court, at which term the plaintiff filed a declaration in *assumpsit.*  At the succeeding December term, the defendant appeared and pleaded the general issue.  At the June term, the fifteenth of the month, the motion to quash was filed.  On the 12th of December, 1870, the motion was heard and the attachment quashed.

Where the defendant has been personally served with the process, the suit assumes a double character, it remains a proceeding *in rem* against the property levied upon, and also becomes an action *in personam.*  And though the

plaintiff may fail as against the property, he may recover a personal judgment. Defenses may be made which are common to the suit in both aspects, or limited to the right to the specific remedy against the property seized under the writ. Of these latter sort are those which question the right to sue out the writ for the reasons stated in the affidavit, as also a motion to quash for defects upon the face of the record ; the one to be tested by an issue to the jury on the extrinsic facts, the other to be decided by the court by inspection of the papers in the cause.

Courts of record, proceeding according to the course of the common law, have always adopted an order for raising these questions, logical and necessary to the certain and orderly administration of justice. If the proper stage be passed for controverting the jurisdiction of the court to entertain the suit, or the plaintiff's ability to sue, or the sufficiency of the writ, it will be taken that all these things have been waived, and the defendant will not be permitted to go back and call any or either of them in question. A plea in bar, which goes to a traverse or discharge and avoidance of the cause of action, has always been accepted as a waiver of such exceptions which could only be raised by plea in abatement or by demurrer ; except a motion in arrest of judgment, which generally presents matter which might have been brought forward by demurrer, our statute of jeoffails leaves but little to which such a motion would now reach.

This defendant by pleading to the merits, traversing the cause of action counted upon, waived objections to the writ, and by implication admitted the truth of the causes of attachment. So long as that plea was in the record he was estopped from controverting the sufficiency of the writ. In order to gain a position to make the motion to quash, he should have obtained the permission of the court to withdraw his plea, when he would have been remitted to his right to controvert the sufficiency of the writ by motion.

Pleadings in attachment suits form no exception to the general rule. In Garman v. Barringer, Dev. & Batt. 503

(which was an attachment suit), it was held, that the defendant, by pleading in bar, "raised objections to the writ;" so, also, is Gill v. Downs, 26 Ala. 670; Jordan v. Hazard, 10 ib. 221; Burroughs v. Wright, 3 ib. 43; Enders v. Steamer Henry Clay, 8 Rob. (La.), § 30; Carr v. Coopwood, 24 Miss. 256.

It follows, therefore, that it was error to entertain the motion to quash, after plea to the merits.

It is suggested by counsel that several other cases are pending in the court, awaiting this decision, and we are urged to pass upon the objections taken to the writ; we are inclined to the opinion that it does appear on the record, that —— who made the affidavit was the agent of the plaintiffs. He sued out the attachment on their behalf, signed the bond as their agent. The several parts of the record must be inspected; one portion may correct a clerical error, or supply the omission of another. The bond may be referred to to help out the affidavit. These questions were recently examined and decided by us.

The other ground, that the several causes of attachment are separated by the disjunctive, seems to be well taken. At least it has the support of authority. Drake on Attach., §§ 101, 102, and notes. Such aspects are, however, amendable.

For the error indicated, the judgment is reversed and cause remanded for trial on the plea.