### A. BARNETT *v.* GEORGE F. RING.

1. ATTACHMENT. *Jurisdiction. Defendant's residence.*
   When a writ of attachment, returnable to the Circuit Court of a certain county, is levied upon property of the defendant in that county, and duly returned, the court has jurisdiction of the case, although the defendant may reside in a different county.

2. SAME. *Practice. Consolidation of suits.*
   There were two attachment suits in which the parties were the same, and the writs returnable to the same term of the same court, and, upon motion of the plaintiff in attachment, defendant in error here, the court ordered the cases to be consolidated. *Held*, that the action of the court cannot be pronounced erroneous, at the instance of the plaintiff in error, the defendant in attachment, as no harm was done him.

3. SAME. *Return by constable to circuit court. Alias writ. Jurisdiction.*
   Section 1437 of Revised Code of 1871 provides that, "if an attachment writ,

55 MISS. — 7

returnable to the Circuit Court, be executed by a constable, coroner, or marshal of a city, or by a person specially appointed for that purpose, the writ, with the return thereon, and all property and effects levied on, shall forthwith be handed to the sheriff of the proper county, who shall be responsible for the property so seized," etc.  Under this statute, if a constable serve the writ and return it to the Circuit Court, it will give the court no jurisdiction; but if he sell the property whilst in his hands, the court can acquire jurisdiction, and also secure the avails of the property in the constable's hands, by an *alias* writ directed to the sheriff, and served on the constable as garnishee.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

On December 17, 1874, G. F. Ring, the defendant in error, on a demand of $987, sued out, from a justice of the peace, a writ of attachment against A. Barnett, the plaintiff in error, returnable to the Circuit Court of Warren County.  This writ was executed by R. Adams, a constable, who seized eleven bales of cotton, property of the defendant in attachment, found in Warren County, and made his return accordingly, but did not deliver the property to the sheriff.  On February 10, 1875, the defendant in error, on a demand of $500, sued out another writ of attachment against the plaintiff in error, returnable to said Circuit Court.  On March 24th following, an *alias* writ of attachment was issued in the first case, in the usual form, and also commanding the sheriff to summon Adams as a garnishee.  This writ was executed and returned by the sheriff.  The two original writs were returnable to the March term of the court, and on April 4th thereafter, upon motion of the plaintiff in attachment, the two cases were consolidated.  On April 7, 1875, Adams filed his answer as garnishee, admitting an indebtedness to the defendant in attachment for the price and value of the cotton levied on by him under the first writ, as above stated.  Before the trial the defendant below made a motion to dismiss the case, because, at the commencement of the suit, and then, he was, and had been in the interval, a resident freeholder of Sunflower County.  The motion was overruled.  After the trial the defendant in attachment made a motion to dismiss, on the ground that the

writ was returned by a constable, and not by the sheriff; which was also overruled.

*T. C. Catchings*, for the plaintiff in error.

1. The High Court of Errors and Appeals has held that "the action of ejectment and the action of trespass *quare clausum fregit* are the only actions which may be brought in a county where the defendant does not reside." *Elder* v. *Hilzheim & Anderson*, 6 Geo. 241. The provision in the Code of 1857, upon which this decision was based, is substantially the same as that in the Code of 1871. The Code of 1857 provided, specially, that in attachment suits the writ might be returnable to the Circuit Court of any county in which the defendant, or property or debts of the defendant, might be found. But this provision is left out of the Code of 1871, and the Legislature evidently intended to, and did, repeal it. The motion to dismiss for want of jurisdiction should have been sustained.

2. It was error in the court below to consolidate the two attachments. The two suits were commenced at different times, for different amounts, and upon different grounds.

3. The law required the constable to deliver the writ and the property to the sheriff, and the Circuit Court had no control over it until it came into the possession of an officer of that court; nor had the court any jurisdiction whatever of the property while in the hands of the constable. *Tucker* v. *Byars*, 46 Miss. 549. As this objection raised a question of jurisdiction, it could be made at any stage of the proceedings.

*Buck & Clark*, for the defendant in error.

1. The jurisdiction in attachment proceedings is wholly independent of the person or *status* of the debtor — of his presence or absence, his citizenship or residence; and notice is given him, "not for the purpose of giving the court jurisdiction over the subject-matter, but to afford him an opportunity to protect his rights." *Paine* v. *Morehead*, 15 Ohio, 435. If it were otherwise, every judgment condemning attached property, without notice to the debtor, would be

absolutely void; whereas, such judgment is voidable only, which shows, that the requirement of the notice is a rule of procedure merely, and not an element of jurisdiction. *Lough-ridge* v. *Bowland*, 52 Miss. 560; *Erwin* v. *Heath*, 50 Miss. 795; *Calhoun* v. *Ware*, 34 Miss. 146; *Paine* v. *Morehead*, 15 Ohio, 435; *Cooper* v. *Reynolds*, 10 Wall. 308; *Beech* v. *Alebott*, 6 Vt. 586; Drake on Attach., secs. 4, 5, 437.

2. It is contended, on the authority of *Tucker* v. *Byars*, 46 Miss. 549, that the court had no jurisdiction of the case, because the writ was returned by a constable. We have never regarded the conclusion reached in that case as a sound one. We think the statute is merely directory, intended as a rule of practice, and that its strict observance was never meant to be a jurisdictional test. But, prior to any appearance or step taken by the defendant, the court issued its own writ, which was duly executed and returned by the sheriff. This cured any defect of the irregular mode in which the court acquired possession of the first writ.

3. The consolidation of the attachments was a matter addressed to the discretion of the court, and as the plaintiff in error fails to show that it injured him, it should not be disturbed. *Cobb* v. *O'Neal*, 1 How. 581.

CAMPBELL, J., delivered the opinion of the court.

The Circuit Court of Warren County had jurisdiction of the attachment which was sued out and levied on property in that county, although the defendant had his residence in Sunflower County. Section 522 of the Code requires ordinary suits to be " commenced in the Circuit Court of that county in which the defendants, or any one of them, may be found," but section 1429 clearly contemplates the return of the writ of attachment to the proper court of the county in which the writ was issued and levied, and section 1432 requires duplicate writs of attachment issued to any other county to be returnable to the court to which the original is returnable.

The defendant below did not apply for a change of venue

to the county of his residence, and he cannot be heard to complain here of the failure of the Circuit Court to do what he did not ask it to do.

No harm was done to the plaintiff in error by the consolidation of the two attachments, and it cannot be pronounced erroneous at his instance.

The return of the attachment writs by the constable did not authorize the Circuit Court to render judgment, but the issuance of the *alias* writ of attachment was authorized by section 1432 of the Code, and its execution and return by the sheriff did give the court jurisdiction.