L. LEWENTHALL ET AL. *v.* MISSISSIPPI MILLS.

1. ATTACHMENT.  *Plea in abatement sustained.  Effect.*
   Where the issue on a plea in abatement traversing the ground of an attachment
   is found in favor of the defendant, the suit must be dismissed, under section
   1463 of the Code of 1871, and it is error in such a case to proceed to try the
   question of indebtedness, and to render a personal judgment.

2. SAME.  *Not two suits.*
   An attachment does not comprise two suits, in the sense that the plaintiff may
   fail to sustain the ground of his attachment, and still succeed in his action
   against the defendant personally.

3. SAME.  *Plea in abatement waived by plea to the action.*
   A defendant in attachment, having a plea in abatement pending, cannot, till
   after that is determined, plead to the action, without waiving the issue in
   abatement.

ERROR to the Circuit Court of Lincoln County.

Hon. J. M. SMILEY, Judge.

This was an attachment suit by the defendant in error against the plaintiffs in error, before a justice of the peace. A plea in abatement by the defendants below was sustained, and a judgment rendered in their favor for $25 as damages. On the next day after the rendition of the judgment on the plea in abatement, the justice of the peace gave judgment for the

plaintiff for $96.55, the amount of the debt claimed of the defendants. The case was carried to the Circuit Court by *certiorari*, on the petition of the defendants below. The Circuit Court affirmed the judgment of the justice of the peace.

*R. H. Thompson*, for the plaintiffs in error.

Can a plaintiff in attachment, after plea in abatement sustained, proceed to trial on the question of debt? The proposition is against the terminology and meaning of the statute, because (1) the plea in abatement must be first tried — there is no reason to delay a plaintiff if his recovery on the debt is not dependent; (2) the attachment is to be dismissed if the plea is sustained — the language of section 1463 does not refer to the levy, it refers to the suit, or else has no meaning; (3) the summons is quashed, it being a part and parcel of the attachment writ which is abated.

The construction contended for by the appellee leads to confusion and disorder in the administration of the law, because (1) there may be two appeals from two judgments; (2) it is senseless as applied to the collection of a debt not due. The statute is in derogation of the common law, and he who seeks its aid must bring himself within its terms. But it is believed that the question has already been decided in the appellants' favor. *Montague* v. *Gaddis*, 37 Miss. 453.

*Sessions & Cassedy*, for the defendant in error.

It is insisted for the plaintiffs in error that, after the plea in abatement had been sustained, it was improper to try the issue as to the indebtedness, notwithstanding there was personal service on the defendants. Prior to 1857 there could be no personal judgment, "unless the debtor appeared and gave bail." *Holman* v. *Fisher*, 49 Miss. 478. Since that time, however, if there has been personal service, or if the defendant appears and pleads to the action, there may be a personal judgment. "The manifest purpose of this addition to former statutes was to give the plaintiff the right to conduct, as it were, two processes against the debtor at the same time, the one *in rem*, looking to a subjection of the attached property

to the plaintiff's debt; and also to a recovery of a personal judgment against him. Such has been our exposition of it in several cases. The attachment may not, but the personal suit may, succeed." *Holman* v. *Fisher, supra.*

In *Erwin* v. *Heath*, 50 Miss. 801, the court say: "If the defendant is served personally with notice of the suit, it then assumes, also, the form of a personal action. One of these suits may succeed and the other fail." Again, in *Bishop* v. *Fennerty*, 46 Miss. 571, this language is used: " Where the defendant has been personally served with process, the suit assumes a double character: it remains a proceeding *in rem* against the property levied on, and also becomes an action *in personam.* And though the plaintiff may fail as against the property, he may recover a personal judgment." These cases are conclusive of the question.

CAMPBELL, J., delivered the opinion of the court.

When the issue made by a plea in abatement of an attachment traversing the ground on which the writ was obtained is found in favor of the defendant, the attachment is required to be dismissed. Code, sec. 1463. And it is erroneous in such case to proceed with the case as if the suit had been commenced by summons, as in ordinary actions.

The dismissal of the attachment is an end of the suit commenced by attachment. It is not true that an attachment comprises two suits, where the defendant is summoned to answer, or appears and pleads, and that the plaintiff may fail in his attachment and succeed in his action against the person. It is true that the law requires the officer executing the writ of attachment to summon the defendant, if he can be found; but he is summoned to answer the attachment, and if he answers that, so as to show that it was not rightfully sued out, he is not required to answer further.

If the defendant shall have been personally summoned, or shall appear and plead to the action, a personal judgment may be rendered against him in case of recovery by the plaintiff;

but if he has pleaded in abatement, and the issue has been found in his favor, the attachment will have been dismissed, and no judgment of any sort can be rendered against him.

If the defendant pleads in abatement of the attachment, he should not plead to the action, and cannot, without waiving his plea in abatement, until after trial of the issue on his plea in abatement; and if that be found against him, he may plead to the action. Code, sec. 1464. But if that issue be found in his favor, there is nothing to plead to, for dismissal of the attachment puts the case out of court.

The attachment is the commencement of the suit. Summoning the defendant is a mere incident to the writ of attachment. The defeat of the principal thing carries with it the incident.

It is true that where the defendant has been personally summoned, or shall appear and plead to the action, "the suit assumes a double character," in the sense that, if the plaintiff shall maintain his action, he may recover a personal judgment, even though he may not be entitled to subject the particular property seized under his writ, or the money or effects of the defendant in the hands of a garnishee. And this is what is meant in *Bishop* v. *Fennerty*, 46 Miss. 570, *Holman* v. *Fisher, Exr.*, 49 Miss. 472, and *Erwin* v. *Heath*, 50 Miss. 795.

It has never been held that two distinct actions were instituted by one writ of attachment, and that one might fail and the other succeed. There is but one suit, and that is the attachment, and when it is disposed of by dismissal, for having been wrongfully sued out, that is a final disposition of the case, which is thereby out of court. Otherwise, he who has wrongfully sued out an attachment, and caused the defendant to be summoned to answer that writ, will, as the result of his wrong, be entitled to a trial on the merits at the first term of the court, and to a personal judgment against the defendant, if he can maintain his demand. No such result is contemplated by the attachment law, which provides for visiting on him who wrong-

fully resorts to the extraordinary remedy it affords, damages: for his wrongful act, and defeat in the advantage sought to be acquired, by a dismissal of his suit, and leaving him where he was before he sued out his attachment. *Mense* v. *Osbern*, 5 Mo. 544.

Judgment reversed, and judgment here vacating the judgment rendered by the justice of the peace on the demand, after the finding that the attachment was wrongfully sued out, and dismissing the suit.

