SARAH BATES v. PETER CROW.

1. ATTACHMENT. *Not a suit in personam. Plea to merits no waiver.*
   Under the act of Feb. 21, 1878 (Acts 1878, p. 193), the doctrines of *Lewenthall* v. *Mississippi Mills*, 55 Miss. 101, are so changed that the attachment is a separate proceeding from the action for the debt, and the defendant may take issue on the latter without waiving his right to plead in abatement of the former.

2. SAME. *Jurisdiction of Circuit Court. Return by constable. Alias writ.*
   If a constable returns an attachment writ to the Circuit Court, with a
   replevy bond for property which he has seized, it is improper to dis-
   miss the proceeding *in personam;* and if the plaintiff asks for an *alias*
   writ, under the rule in *Barnett* v. *Ring,* 55 Miss. 97, the proceeding
   *in rem* should also be retained.

ERROR to the Circuit Court of Itawamba County.

Hon. J. A. GREEN, Judge.

*Blair & Clifton,* for the plaintiff in error.

The irregularity on the constable's part in taking the re-
plevy bond affects neither the action nor the attachment
proceeding. Acts 1878, p. 193. The most that could be done
was to set aside the return. *Lawrence* v. *Featherston,* 10
S. & M. 345. Appearance and a plea to the merits gave
jurisdiction, and the court should have proceeded to award a
personal judgment, regardless of the disposition of the property
made by the officer. *Jones* v. *Hunter,* 4 How. 342; *Henderson*
v. *Hamer,* 5 How. 525; *Miller* v. *Ewing,* 8 S. & M. 421;
*Harris* v. *Gwin,* 10 S. & M. 563; *Lester* v. *Watkins,* 41 Miss.
647; *Bishop* v. *Fennerty,* 46 Miss. 570; *Holman* v. *Fisher,*
49 Miss. 472; *Erwin* v. *Heath,* 50 Miss. 795; *Lewenthall* v.
*Mississippi Mills,* 55 Miss. 101; Code 1871, § 1476.

No counsel for the defendant in error.

CHALMERS, J., delivered the opinion of the court.

An attachment writ for eleven hundred and fifty dollars,
issued by a justice of the peace, was levied by a constable
upon property valued at that sum, and the officer, instead of
turning over the property and the writ to the sheriff of the
county, as required by the statute, accepted from the de-
fendant a replevy bond for the property, which, with the
writ, he returned into the Circuit Court. Upon motion in
that court the case was dismissed upon the ground that no
jurisdiction had been acquired, inasmuch as the constable was
not an officer of the Circuit Court, and could not by his return
give it jurisdiction over the property seized. Whether this
action was right or wrong under our previous statutes, and,
there are utterances which seem to sanction either view (see,
on the one hand, *Lawrence* v. *Featherston,* 10 S. & M. 345,

and, on the other, *Tucker* v. *Byars*, 46 Miss. 549, and *Barnett* v. *Ring*, 55 Miss. 97), it was certainly improper under the act of Feb. 21, 1878. (Acts 1878, p. 193.) The effect of that act, changing the doctrine announced in *Lewenthall* v. *Mississippi Mills*, 55 Miss. 101, is to make every attachment case virtually two suits,—one *in rem* and another *in personam*. In any point of view, therefore, it was erroneous to dismiss the entire case. The utmost that the court should have done was to dismiss the attachment proceeding ; and even this would have been improper if the plaintiff had asked for the issuance of an *alias* writ of attachment, to be properly executed and returned, as was held in *Barnett* v. *Ring*, *ubi supra*. This may yet be done on the return of the case to the court below. The effect of the statute of 1878 is also to change the rule announced in *Lewenthall* v. *Mississippi Mills*, that the filing of a plea to the merits operates as a waiver of a plea in abatement to the attachment writ. The two proceedings now progress·in a great degree independently of each other.

*Reversed and remanded.*