### WILLIAM FRENCH v. DAVID LADD.

1. TAX TITLE. *Auditor's deed. List of lands sold to State.*
   The plaintiff in ejectment who relies upon a deed from the auditor must introduce the list of lands sold to the State, in order to show title.

2. SAME. *Evidence. Certified copy.*
   A copy of so much of the list as relates to the land in question, accompanied by the auditor's certificate that everything shown by the list with respect to it is given, is admissible.

3. SAME. *Certificate of contents of list.*
   The auditor's certificate that the land appears upon the original list as having been sold to the State on a given date for the taxes of a specified year is incompetent.

ERROR to the Circuit Court of Grenada County.

Hon. SAM POWEL, Judge.

From a judgment in favor of the defendant in ejectment, the

plaintiff brings up the case, and assigns for error the exclusion from the evidence of the auditor's certificate.

*Fitz Gerald & Whitfield,* for the plaintiff in error.

The certificate by the auditor as to the contents of the list of lands on file in his office, which was the proper repository thereof, is full and in compliance with the law. *Fore* v. *Williams,* 35 Miss. 533 ; *Wray* v. *Doe,* 10 S. & M. 452. A copy of the entire list would often cost more than the land sued for is worth. So much as relates to the land in controversy is embodied in the certificate. The deed alone tended to make out the plaintiff's case, and the judgment for the defendant was improper, even after the certificate was excluded.

*A. J. Baker,* for the defendant in error.

A copy of so much of the list as related to the land in controversy, accompanied by a proper certificate, was essential in order to prove the plaintiff's title. *Clymer* v. *Cameron,* 55 Miss. 593 ; *Vaughan* v. *Swayzie,* 56 Miss. 704. Officers are not authorized to certify the substance of records. *Cockerel* v. *Wynn,* 12 S. & M. 117 ; *Foute* v. *McDonald,* 27 Miss. 610. Owing to the failure of proof the judgment must be affirmed. *Myrick* v. *McRaven,* 54 Miss. 11 ; *Jones* v. *Sherman,* 56 Miss. 559.

CHALMERS, J., delivered the opinion of the court.

The plaintiff suing on an auditor's deed was bound to produce a list of the lands sold to the State. In attempting to meet this burden, he offered in evidence a certificate by the auditor that the lots conveyed by the deed and sued for here " appear upon the original sales list as having been sold to the State on May 10, 1875, for the taxes of 1874." This certificate was properly excluded. It is a mere statement by the auditor of what he supposes that the records in his office show. His construction of those records is not competent evidence. He should give a duly certified copy of the record exactly as it remains on file, so that the court may judge of what it shows. It is not necessary to give the entire list or a copy of it, but only of so much of it as relates to the land in question, accompanied by a certificate that everything shown by the list with respect to it is given.

*Judgment affirmed.*