## DANIEL MILLER & CO. *v.* R. L. EDWARDS.

JUSTICES OF THE PEACE.   *Attachment to another county.   Deputation to execute.   Private person.   Code* 1892, § 2403.

A justice of the peace is without power to specially deputize a private person to execute a writ of attachment in another county, § 2403, code 1892, not conferring such authority, even in case of emergency. *Barnett* v. *Ring*, 55 Miss., 97; and *Bates* v. *Crow*, 57 *Ib.*, 676, distinguished.

FROM the circuit court of Noxubee county.

HON. G. B. HUDDLESTON, Judge.

A writ of attachment was issued, at the suit of the appellants, by a justice of the peace of Noxubee county, directed to the sheriff or any constable of Kemper county. It was executed by one O'Brien, a private person, in Kemper county, under a special appointment as deputy constable, made by the magistrate who issued the writ. On motion of defendant, the writ was quashed and the proceeding dismissed. The court below having also dismissed the cause on the merits, on the ground that no part of plaintiff's debt was due, it was agreed between the parties that on the appeal of plaintiff no error should be predicated of the action of the court in so doing.

*T. W. Brame*, for the appellant.

1. The writ was properly issued under § 133, code 1892, and however bad the levy may have been, the writ should not have been quashed. But no motion to quash the levy should have been sustained, because defendant had filed his plea in abatement before making the motion, thus joining issue as to the rightfulness of the remedy. Drake on Att. (5th ed.), sec. 414; *Lawrence* v. *Featherston*, 10 Smed. & M., 345; 55 Miss., 101.

2. The fact that the levy was made by one not authorized to execute the writ, did not justify the dismissal of the proceeding. *Lawrence* v. *Featherston, supra; Barnett* v. *Ring,* 55 Miss., 97; *Bates* v. *Crow,* 57. *I b.,* 676.

3. O'Brien's appointment and levy were valid. Section 2403 authorizes a justice of the peace to deputize a special officer in cases of emergency, and his right to issue writs to other counties carries with it that of deputizing persons to execute them. The necessity of speedy execution of attachment writs renders such proceedings cases of emergency. Moreover, the magistrate alone must determine whether an emergency exists. His action certainly cannot be called in question where there is nothing in the evidence to suggest that there was no emergency.

*J. E. Rives,* for the appellee.

The jurisdiction of a justice of the peace is co-extensive with his county, but cannot be extended beyond it except by express statutory provisions. Section 2403, code 1892, applies only to process issued by himself, returnable before himself, in matters of which he has general jurisdiction. It does not authorize his appointment of a private person to execute process in another county.

WHITFIELD, J., delivered the opinion of the court.

Section 2403, code of 1892, does not authorize a justice of the peace to specially appoint a private person, in a case of emergency, to execute process outside the county in which he is such justice of the peace. In *Barnett* v. *Ring,* 55 Miss., 97, the alias writ was received and executed by the sheriff, and the property dealt with by him thereunder. Here the sheriff had no writ at all, and dealt with the property solely under the void levy of the specially deputized private person. In *Bates* v. *Crow,* 57 Miss., 676, the court reversed the case because the suit, on the merits, was erroneously dismissed, as well as the attachment proceedings. And so reversing, the court said that

the plaintiff might, on the return of the case, still apply for a writ to the sheriff, to be by him executed as in *Barnett* v. *Ring.* The court also expressly held that the dismissal of the attachment proceedings was proper. If, in *Bates* v. *Crow,* there had been no reversal because of the error of the court below in dismissing the suit on the merits, the judgment there clearly would have been affirmed. Here the agreement of counsel expressly cuts us off from considering the action of the court below in dismissing the suit on the merits, if his action was otherwise correct. It was otherwise clearly right, and hence the judgment is

*Affirmed.*