## JAMES W. WOOD *v.* JOHN BAILY.

1. ATTACHMENTS. *Void proceeding. Replevy. Motion to quash. Trial on merits. Jurisdiction. Justice of the peace.*

   Although the defendant in a void attachment has replevied the property seized, his appearance alone for the purpose of moving to quash confers no jurisdiction to render judgment against him on the merits.

2. SAME. *Code* 1892, § 172.

   Code 1892, § 172, providing that after an issue on a plea in abatement in attachment is decided for a defendant, the suit on the merits may proceed as if it had been an ordinary action in its commencement, does not apply if the attachment be so utterly void as not to be amendable, and there was no trial on a plea in abatement, no summons and no appearance of the defendant save to object to the void attachment.

FROM the circuit court of Grenada county.

HON. WILLIAM F. STEVENS, Judge.

The appellant, Wood, was the plaintiff in the court below; appellee, Baily, was defendant there. The opinion states the case.

*W. C. McLean,* for appellant.

It may be conceded that the attachment proceeding was void, because of an insufficient affidavit, yet, under present statutes, an attachment proceeding is not simply an action *in rem,* but where the court acquired the jurisdiction over the person, it became an action *in personam,* and, though the attachment be void or be quashed or upon the issue on plea in abatement be found in favor of the defendant, yet the suit stands, and may be prosecuted to a final judgment *in personam.* In fact, this is the plain and positive provision of the statute. There can be but one state of facts, where the dismissal or quashing of the

attachment writ carries with it a dismissal of the suit, and that is, where the plaintiff voluntarily dismisses the action. Sec. 172 of the code provides: "But the action, unless dismissed by the plaintiff, shall be proceeded with in all respects as if it had been an ordinary action at its commencement."

Notice the phraseology of the statute: "But the action, unless dismissed by the plaintiff." Action here means, not the attachment, but the suit, the demand; but if it refer to the action in attachment, it makes no difference, for the same result is reached.

The contentions of appellant are:

(1) The affidavit made by Bailey as to the residence of himself and Donald is insufficient.

(2) The parties were suable in Grenada county.

(3) Although the defendants were not summoned to appear before the justice of the peace, yet the replevying of the property attached was a waiver of the service of process, and was an appearance in the justice court.

(4) The parties appeared before the justice court, which gave the justice of the peace jurisdiction.

(5) Although neither of the parties were freeholders or householders of Grenada county, yet the justice of the peace of that county had jurisdiction of the attachment suit, thereby acquiring jurisdiction to try the suit *in personam,* if the defendant had been served with the process or if he had waived it by executing bond for the forthcoming of the attached property.

The first point was squarely decided by this court in *Ellison* v. *Lewis,* 57 Miss., 589.

As to our second point, *Nelson* v. *The State,* 57 Miss., 286; *Brown* v. *State,* 57 Miss., 433, are controlling.

On our third point the following cases are conclusive: *Phillips* v. *Hines,* 33 Miss., 163; *Richard* v. *Mooney,* 39 Miss., 357.

On our fourth point we cite 2 Enc. of Plead. & Prac., 608, 611, and notes.

On our fifth point, *Smith* v. *Mulhern,* 57 Miss., 593, and *Baum* v. *Burns,* 66 Miss., 124, are in our favor.

*Slack & Mitchell,* for appellees.

The only possible means by which the justice court could have obtained jurisdiction was by virtue of the levy upon the timber of defendants found in beat five of Grenada county, under the attachment writ.

Granting, if the attachment proceedings had been regular, the justice court would have had jurisdiction to try that issue, yet it does not necessarily follow that he would have had jurisdiction to try the issue on the merits. In order to do this, jurisdiction of the persons of defendants was necessary, and there must have been legal service of process upon, or an appearance by, them. The cases of *Ellison* v. *Lewis,* 57 Miss., 498, and *Smith* v. *Mulhern, Ib.,* 591, both sustain this contention.

If the court below was correct in refusing to dismiss the whole proceeding and requiring defendants to plead on the merits, yet it was its duty to dismiss the suit on defendant's plea setting forth that there was no personal service of process in the case, and that defendants were residents of Tallahatchie county, and not within the jurisdiction of the court. *Bank* v. *Jennings,* 5 How. (Miss.), 425.

The doctrine that the bonding of the property levied upon under an attachment changes the form of the action from one *in rem* to one *in personam,* announced in *Phillips* v. *Hines,* 33 Miss., 163, and *Richard* v. *Mooney,* 39 Miss., 357, is not, we submit, the law of Mississippi under our present attachment statutes. *Bates* v. *Crow,* 57 Miss., 676; *Baum* v. *Burns,* 66 Miss., 124.

CALHOON, J., delivered the opinion of the court.

It is conceded by appellant that his attachment proceedings were void.

The affidavit is simply as to the debt, and states no grounds

whatever for the issuance of the writ, and it is made by appellant before his own father, who was a justice of the peace, who also issued the writ.

The only pretense of a bond is merely the condition of one which does not promise to pay anything to anybody.

The writ recites, what is not shown in the record, that plaintiff had made oath that defendants are "nonresident," but even it does not say "nonresidents of this state," and it commanded the seizure of timber of defendants, and this the constable proceeded to do. Defendants replevied their property, and appeared without any service of process on them, and orally moved the justice's court to quash the proceedings, but made no actual appearance whatever to the merits. The justice of the peace apparently ignored the motion to quash, and without any trial on the merits the court rendered judgment that it "is of opinion that Bailey and Donald are indebted to plaintiff," etc., "and that plaintiff is entitled to a lien," etc., and "it is therefore ordered and adjudged that plaintiff do have and recover the sum of," etc., and costs of Bailey and Donald, and fixing a lien on the timber, but because of the replevy, the judgment proceeds, "that plaintiff do have and recover of and from said sureties [on the replevin bond] said sum," with interest and costs. The judgment, after thus disposing of the joint liability of Bailey and Donald, then proceeds to award a judgment against Donald alone for a separate liability of his to plaintiff.

The lien fixed by the judgment on the timber on the joint liability of Bailey and Donald is stated in the judgment to be because they owe plaintiff as the "assignee of certain laborers for labor performed upon timber levied upon herein," thus converting an attachment for debt into a proceeding to enforce laborers' liens.

The defendants appealed to the circuit court, but before the trial on the appeal, Donald died in another county. The

circuit court, on defendant's motion, promptly, and very properly, dismissed the attachment issue, but ordered a trial on the merits. Immediately on this order Bailey filed his affidavit that neither he nor Donald were, when the attachment issued, and were not then, residents of the county of Grenada, the county of the venue, but *bona fide* residents of Tallahatchie county, and prayed abatement of the proceedings. Thereupon the cause seems to have proceeded to trial without objection on the issue of residence. It is clear that Bailey was a resident of Tallahatchie, and it seems fairly certain that Donald really claimed his residence there, though he was a raftsman, with a board shanty on his floating logs, which shanty, at points his raft might float him, he called his home, in so far as saying he was going home when he was absent from it in the neighborhood. But certain it is that he was a registered voter in Tallahatchie county, and from that county he had floated the timber levied on, and in that county it had been cut.

Among the witnesses was Wood, in his own behalf, who says that, notwithstanding his writ of attachment puts the proceedings on the ground of nonresidence, Donald was living in Grenada county when he sued it out, and that it was the constastable's fault that he was not served with process.

The court charged the jury to find for defendant, Baily, the case having been dismissed as to Donald, who was shown to be dead, and Wood appeals from the judgment on that verdict, and says that the instruction was erroneous, and that the court again erred in refusing to instruct peremptorily for him, and his counsel make five several contentions, urged with great skill and adroitness.

But he must stand or fall on his third or fourth position. These are, in effect, that, notwithstanding the attachment proceedings were void, still the replevying of the property by defendants making a replevy bond, and their appearance by counsel in moving to quash the attachment, gave the justice of the

peace jurisdiction to try the case *in personam,* and he relies on *Phillips* v. *Hines.* 33 Miss., 164; *Richard* v. *Mooney,* 39 Miss., 357; and *Bates* v. *Crow,* 57 Miss., 676.

The whole question must be solved by the statute (code, § 172), and the application of the authorities mentioned to the facts of this case. It will be observed that not one of these authorities is based on a void proceeding by attachment, but only on a valid or irregular and amendable proceeding. The statute, § 172 in the attachment chapter, is this: "If the issue on a plea in abatement be found for the defendant, the attachment shall be thereby discharged, and all property seized under it, and all persons summoned as garnishees shall be released from it; but the action, unless dismissed by the plaintiff, shall be proceeded with in all respects as if it had been an ordinary action in its commencement."

Now, in the case at bar there was no "issue on a plea in abatement" at all before the justice of the peace. No such issue was "found for the defendant." The oral motion to quash was a direct attack on the jurisdiction. There being no jurisdiction, the whole superstructure fell, and the situation was one of hopeless paralysis of the court, and no amendment was asked for, even if it was amendable, and we cannot hold that an actual appearance merely to urge an absolute want of jurisdiction can give the court power to hold the defendant for further proceeding. If our ruling be correct as to this, it follows that the whole matter was a nullity in both the lower courts, and that the circuit judge did not err in dismissing it from court, and, we think, he should have sustained the original motion to dismiss.

In executing the replevy bond the defendants were in no worse condition than if personally served with process, and on personal service we hold he could have moved to quash the void *in rem* proceeding, which motion, if sustained, as it should have been, would not compel him to appear and contest the debt.

All that we decide in this case is that the affidavit in attachment is a nullity, that everything depending on it is a nullity; the writ is therefore a nullity, the levy on the property is a nullity, and the replevy bond executed by the defendants was a nullity, and could import nothing, not even an appearance, and that being nothing, neither a justice of the peace, nor a circuit nor supreme court can make something out of nothing. It follows that the final result in the circuit court was correct, and the case is

*Affirmed.*

### SUGGESTION OF ERROR.

After the delivery of the foregoing opinion, *William C. Mc-Lean,* for appellant, presented the following suggestion of error:

It is conceded that the attachment proceedings were void. Yet this in no way affects the jurisdiction of the court to try the personal action. It will be conceded that, if defendants had been personally served with process, the justice of the peace would have acquired jurisdiction of the person so as to entitle plaintiff to a personal judgment against the defendants, although the attachment proceedings were absolutely void. We urge that, since the property levied upon was bonded, this *ipso facto* put the defendants in court, and the execution of this bond was equivalent to a service of the summons, which gave the court jurisdiction over the person to try the personal action. The authorities in our brief sustain this contention. The difficulty with the court is failing to notice the distinction between jurisdiction over the person and jurisdiction over the *res.* Because the attachment proceedings were void does not touch the question. The court did acquire jurisdiction over the person, because the defendants entered their appearance by executing the bond. This obviated any further service of the attachment writ. The record does not show that the defendants made their appearance before the justice of the peace simply for the purpose of moving to quash the attachment writ.

They did more than this. A regular trial was had upon the merits. The authorities in our brief show that a party is not permitted to enter his appearance alone to quash the attachment proceedings without at the same time entering his general appearance, where the attachment proceedings are both an action *in rem* and *in personam.* The position of the court would be correct in jurisdictions where the attachment proceeding is one purely *in rem.* but it is different in this state, where the action is not alone *in rem,* but also *in personam.* The court surely does not intend to overrule *Bates* v. *Crow,* 57 Miss., 676, yet such is the necessary and inevitable effect of this opinion. Again, the court is in error in construing § 172 of the code of 1892 in holding that the personal judgment can be rendered only in cases where the plea in abatement is tried. It does not make any difference whether the plea in abatement is tried or not. This has nothing to do with the jurisdiction of the court in rendering a personal judgment. Sec. 172 is as follows: "If the issue on the plea in abatement be found for defendant, the attachment shall thereby be discharged, . . . but the action, unless dismissed by the plaintiff, shall be proceeded with in all respects as if an ordinary action in its commencement." "Action" here means not the attachment, but the suit on the merits. How, then, can the question as to the attachment. proceedings being void, affect the question?

### RESPONSE TO THE SUGGESTION OF ERROR.

CALHOON, J., delivered the opinion of the court.

Our first opinion was written in full view of *Bates* v. *Crow,* 57 Miss., 676, as is readily to be seen by a casual reader. We did not overrule that case. In fact, we approve it, and subscribe to the doctrine it announces. Attachments against debtors, where the preliminary proceedings are regular, or amendable if irregular, are practically two actions: one *in rem,* and the other *in personam.* Formerly they were one, and, unless

the plaintiff sustained the preliminary proceedings, or suc-
ceeded where a plea in abatement was filed, he went out of court.
If the attachment was found to be wrongfully sued out, his
action was dismissed.   On the other hand, if the defendant lost
on a plea in abatement, it was only in virtue of an express stat-
ute that he could make any defense to the merits at all, and
this is the law now (code, § 169).   The only change in the old
law is that, where the issue on the plea in abatement is found
for the defendant, the action proceeds on the merits.   Code,
§§ 172-177.   No provision of law nor judicial decision fur-
nishes any revival for a dead proceeding.   A void proceeding
by attachment is a corpse at the start.   It never had any light
to relume.   It is a mere imaginary skeleton gravely rattled
by the constabulary.   Whenever it shall be the law that at-
tachment writs may issue without affidavit of the existence of
grounds for it, as in the case at bar, this extraordinary writ
will at once become the ordinary process of the court.   The
risk of damages as they are now restricted will always be taken.
Any unbiased mind will conclude from the testimony of
Wood himself that defendant's appearance was simply to enter
his motion to quash.   But this is of no moment.   Overruling
a motion to quash or dismiss a void attachment proceeding is
matter for exception, and a defendant, though driven to trial
on the merits, as we think and hold, may appeal, and, on re-
versal for voidness of the attachment, the whole case will be
dismissed.

*Suggestion of error overruled.*