GEORGE M. FOOTE v. HALL COMMISSION COMPANY.

ATTACHMENT.   *Writ.   Defects.   Service.   Dismissal.   Amendment.*

Defects in proceedings by which an attachment writ was sued out and served will not justify the dismissal of the suit on the debt, nor deprive the plaintiff of the right to amend and sue out alias process.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

Foote, the appellant, was plaintiff, and the Hall Commission Company, appellee, was defendant in the court below. From a judgment dismissing the suit on defendant's motion the plaintiff appealed to the supreme court.

Foote sued out a writ of attachment against the Hall Commission Company in the circuit court of Perry county. The affidavit was made before T. G. McCallum, the bond was approved by him, and the writ was issued by him. It nowhere appears in the record that T. G. McCallum occupied any official position, he simply signing his name to these instruments. He appointed one E. Holifield as a special deputy to execute the writ of attachment. It was suggested by plaintiff that the First National Bank of Laurel and the Bank of Laurel were indebted to defendant. Holifield made the following return on the attachment writ: "I have this day executed the within writ upon the First National Bank of Laurel by handing C. H. Ferral, assistant cashier of said bank, a true copy." He made a like return as to the Bank of Laurel. The Bank of Laurel and the First National Bank of Laurel were summoned as garnishees, and the First National Bank of Laurel answered that it was indebted to defendant. The writ recites that the Hall Commission Company was not found in the city. All these papers were handed to the sheriff of Perry county, who made no return on them at all, but simply put them in a pigeon-

hole in his office.   Plaintiff filed his declaration in the circuit court.    The defendant appeared by attorney, and moved to dismiss the attachment, first, because the writ was served by a person specially deputized to execute same, and returned to the circuit court by said specially deputized person, and not by the sheriff of the county, as required by law; second, because the court had no jurisdiction of the suit; third, because the writ of attachment had not been executed by an officer authorized by law to execute it; and because, fourth, it does not appear that the writ of attachment was issued by any officer authorized to issue a writ of attachment returnable to the circuit court.    Plaintiff moved to be allowed to amend the affidavit and for an alias attachment writ.    His motion was overruled.    The motion to quash the attachment writ and dismiss the cause, made by the defendant, was sustained, and the cause was dismissed.

*J. M. Jayne, Jr.,* for appellant.

When a party appeared and moved to quash an attachment, this is an appearance for all purposes, and the court should have proceeded to judgment *in personam.    Lawrence* v. *Featherstone,* 10 Smed. & M., 345.    Even though plaintiff had not objected, and all the grounds of the above motion were well taken, still, the defendant being in court, the court should not have dismissed the suit of appellant.

The first and second grounds of the motions are one and the same, and both proceed along the same line—that the writ was served by a person other than the sheriff and returned to the circuit court by such person.    This is not the fact in the case at bar.    In the case at bar the writ was served by a specially appointed officer, who served the writ on the garnishees and returned the same not found as to the defendant.    After making this return thereon, he turned the writ over to the sheriff of Jones county, who, without making any notation thereon, returned it into the circuit court.    The law was complied with.

There was no property seized, and of course none was turned
over to the sheriff. *Barnett* v. *Ring,* 55 Miss., 97; *Bates* v.
*Crow,* 57 Miss., 676.

Besides this, the court should have allowed the sheriff to
make his return, as per the request of the plaintiff.

*Alexander & Alexander,* and *Geo. B. Power,* for appellee.

It is not shown that T. G. McCallum occupied any official
position at all. Assuming that T. G. McCallum was mayor of
Laurel, there is nothing in the record to show that he was
clothed with any judicial powers for the purpose of issuing a
writ of attachment. No emergency existed which called for
the appointment of some person (not an officer) for executing
the writ. The writ was never properly returned, so as to give
the court jurisdiction.

The motion of plaintiff to amend the affidavit and writ was
properly overruled, as the court had no jurisdiction of the mat-
ter, even for the purpose of allowing such an amendment. The
court properly sustained the motion of defendant to quash the
affidavit and writ.

WHITFIELD, C. J., delivered the opinion of the court.

The attachment law now in force is substantially the same as
that under Act 1878, p. 193, ch. 72, and *Bates* v. *Crow,* 57
Miss., 678, furnishes the true doctrine for the solution of this
case. The court said there: "In any point of view, therefore,
it was erroneous to dismiss the entire case. The utmost that the
court could have done was to dismiss the attachment proceeding;
and even this would have been improper if the plaintiff had
asked for the issuance of an alias writ of attachment to be prop-
erly issued and returned, as was held in *Barnett* v. *Ring,* 55
Miss., 97. This may yet be done on the return of the case to
the court below." Now, in the case before us the appellant
asked for this very thing—the issuance of an alias writ of at-
tachment; but his request was denied. This was error. The

court should have issued the alias writ of attachment; and, since the attachment branch of the suit is thus kept properly alive, it was, of course, error to dismiss, as the court below did, the entire suit.  It may be objected that no personal service was had upon the defendant, but, since the attachment branch of the proceeding remains to be perfected, the court below should direct the issuance of an alias summons, as well as an alias attachment, so that the defendant may be personally served.  There is no merit in any of the other positions taken by the appellee.

*Reversed and remanded.*